IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:17-CR-81-JCB |
| vs. | § § | |
| | § | |
| COREY SHELTON | § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On November 14, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Corey Shelton was sentenced on April 30, 2018 by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was sentenced to 30 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, no alcohol and drug abuse testing and treatment.

Defendant completed his term of imprisonment and started his term of supervised release on December 23, 2019. The case was reassigned to United States District Judge J. Campbell Barker on March 9, 2020.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant must not commit another federal, state or local crime.** It is alleged that Defendant was arrested by the Gilmer Police Department on March 2, 2020 and charged with the offenses of Unauthorized Use of a Motor Vehicle, a State Jail Felony, Possession of a Controlled Substance, Penalty Group 1 >=1 Gram<4 Grams, a 3rd Degree Felony, and Possession of Drug Paraphernalia, a Class C Misdemeanor. It is also alleged that Defendant was arrested on the same date on a warrant issued by the Smith County Sheriff's Office for Theft >=$2,000<$30,000, a State Jail Felony

2. **Allegation 2 (standard condition 5): The defendant must live at a place approved by the probation officer.  If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that it was discovered on February 21, 2020 that Defendant was not living at a place approved by the probation officer and that he failed to notify the probation officer at least 10 days in advance that he changed where he lived.

3. **Allegation 3 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise his participation in the program.  The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to participate in a program of treatment for substance abuse on February 5, 2020 by failing to attend his substance abuse intake assessment.  It is also alleged that Defendant failed to submit to substance abuse testing on January 29, 2020, February 5, 2020 and February 15, 2020.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Possession of a Controlled Substance, Unauthorized Use of a Motor Vehicle or Theft as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline range for a Grade B violation is 18 to 24 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to reside at his approved residence, failing to report the change in residence, failing to attend substance abuse treatment, failing to submit to substance abuse testing, and committing the offense of Possession of Drug Paraphernalia as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide a guideline range of 7 to 13 months of imprisonment for a Grade C violation.

### *Hearing*

On November 14, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of time served with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to time served with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to time served with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to time served with no further supervised release.

So ORDERED and SIGNED this 14th day of November, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE